**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**STEPHANIE LANG,**

                              **Plaintiff,**                    **No. _____**

**-against-**                                                                    **COMPLAINT**

**PORTFOLIO RECOVERY ASSOCIATES,**
**LLC and FORSTER & GARBUS, LLP,**

                              **Defendants.**
_____

### I. Introduction

1.     This is an action for damages brought by an individual consumer for the

violation by Defendants Portfolio Recovery Associates, LLC and Forster & Garbus, LLP

of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter

"FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and

unfair practices.  The debt sought to be collected by Portfolio Recovery Associates, LLC

and Forster & Garbus, LLP was an alleged consumer credit debt of Plaintiff Stephanie

Lang to pay money arising out of a transaction in which the money, property, insurance

or services which were the subject of the transaction were primarily for personal, family,

or household purposes.

### II.     JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331.  Venue in this District is proper in that the Defendants transact business here and

the conduct complained of occurred here.

### III.     PARTIES

3.     Plaintiff Stephanie Lang ("Lang") is a natural person residing in this

District in the County of Wayne, State of New York.

4.     Upon information and belief, Defendant Portfolio Recovery Associates, LLC ("Portfolio"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5.     Upon information and belief, Defendant Forster & Garbus, LLP ("Forster & Garbus") is a domestic registered limited liability partnership engaged in the business of collecting debts in New York and is authorized to do business in this state, and has an address for service at 60 Motor Parkway, Commack, New York 11725.

6.     Portfolio is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Portfolio itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

7.     Forster & Garbus is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8.     Lang qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

## IV.    FACTUAL ALLEGATIONS

9.     On or about April 20, 2015, Portfolio by its attorneys, Forster & Garbus, filed

a collection action against Lang in Supreme Court, Wayne County, State of New York,

entitled *Portfolio Recovery Associates, LLC A/P/O GE Capital Retail Bank v. Stephanie*

*Lang*, Index No. 78470.   The collection summons and complaint was served on Lang

subsequent to filing.

10.    The complaint in the collection action alleged a single cause of action in

which Portfolio alleged that it purchased a credit card account on which Lang was liable

for $851.58 and on which GE Capital Retail Bank was the original creditor.  The

summons in the collection action also indicated that the original creditor was GE Capital

Retail Bank

11.    Portfolio further alleged in the collection complaint to have obtained such

credit card account on which it brought a lawsuit against Lang, after the credit card

account was already in default.

12.    On or about June 8, 2015, Lang interposed an answer in the collection action

in which she denied the allegations of the collection action complaint, and raised various

affirmative defenses, including lack of standing.

13.    Subsequent to serving the answer, Lang brought a motion for summary

judgment in the collection action in Supreme Court, Wayne County, State of New York,

based on Portfolio's lack of standing and inability to prove that it was the owner of the

alleged credit card account on which the collection action was based.  Because Portfolio

could not show that it owned any credit card debt on which Lang was alleged to be

originally liable to GE Capital Retail Bank, Portfolio had no basis on which to attempt to collect any such debt from Lang.

14. Supreme Court, Wayne County granted Lang's motion for summary judgment by an order entered in the Wayne County Clerk's Office on January 27, 2016.

15. The caption in the collection action against Lang designated the plaintiff as *Portfolio Recovery Associates, LLC A/P/O GE Capital Retail Bank.* The term "A/P/O," as stated in the collection complaint, is short for "as purchaser of." Therefore the caption on the summons as well as on the complaint in the collection action set forth a plaintiff called "Portfolio Recovery Associates, LLC as purchaser of GE Capital Retail Bank," an entity that has no legal existence.

16. Portfolio never purchased GE Capital Retail Bank

17. The designation of the plaintiff in the collection claim is therefore inaccurate, deceptive, and confusing. Such a plaintiff does not actually exist.

18. An unsophisticated consumer that was a defendant in the collection action would be confused by such a designation, and would not know who the plaintiff was – whether it was Portfolio Recovery Associates, LLC; GE Capital Retail Bank; Portfolio as the purchaser of GE Capital Retail Bank; or otherwise. The consumer could easily be deceived into believing that GE Capital Retail Bank was bringing the collection claim rather than a debt buyer in its own name, or that Portfolio Recovery Associates, LLC was authorized as the purchaser of GE Capital Retail Bank to bring the collection claim without any transfer of the disputed account to Portfolio. Moreover, the term "A/P/O" is not a recognized legal term, and there is no legitimate basis for putting this term in the caption. Finally, an unsophisticated consumer would be materially deceived by naming a

non-entity as the plaintiff in the captions of the summons and complaint.

### V.  FIRST CLAIM FOR RELIEF

19.    Lang repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

20.    Portfolio violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Portfolio misrepresented in the collection complaint that it owned through assignment a credit card account on which Lang was liable for $851.58 when in fact it could not show then or at any time that it was the owner of any such account, or was ever assigned such account.

21.    Portfolio violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection complaint against Lang the character, amount and legal status of the alleged debt.  Portfolio falsely represented in the collection complaint that it owned the alleged debt in the amount stated.  In fact, Portfolio had no basis for asserting such ownership, and therefore no legal basis on which to ever attempt collection of the debt, or claim that Lang owed it $851.58.  Portfolio's claim to own the debt also violated 15 U.S.C. § 1692e(10), which prohibits the "use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

22.    Portfolio violated 15 U.S.C. § 1692f, which provides in relevant part: "§ 1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the

foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Portfolio violated the general application of § 1692f because it did not own the credit card debt alleged to be owed by Lang in the collection complaint. Portfolio also violated the specific conduct prohibited by § 1692f(1) because there was no agreement that authorized Portfolio to collect any amount from Lang with regard to any GE Capital Retail Bank credit card account.

23.    Portfolio and Forster & Garbus further violated 15 U.S.C. § 1692e by deceptively and misleadingly designating the plaintiff in the caption of the collection claim as "Portfolio Recovery Associates, LLC A/P/O GE Capital Retail Bank," an entity that has no legal existence. Further, Portfolio deceptively and misleadingly represented that Portfolio purchased GE Capital Retail Bank, and was suing in the capacity of a purchaser of GE Capital Retail Bank when in fact it was not. In addition, an unsophisticated consumer could easily be further mislead and confused by such a designation, and would not know if the plaintiff was Portfolio Recovery Associates, LLC; GE Capital Retail Bank; Portfolio as the purchaser of GE Capital Retail Bank; or otherwise.

24.    Portfolio and Forster & Garbus further violated Section 1692e(2)(A) of the FDCPA as to the character and legal status of the alleged debt by stating in the caption of the collection claim that it was the purchaser of the original creditor, and therefore would be entitled to collect on the debt as purchaser of the original creditor rather than as a debt buyer. Portfolio's claim that it was the purchaser of the original creditor also violated 15

U.S.C. § 1692e(10) since this claim was a false representation and deceptive means to collect or attempt to collect a debt.

25.    Portfolio and Forster & Garbus violated 15 U.S.C. § 1692e(14) with its claim in the caption to be "Portfolio Recovery Associates, LLC A/P/O GE Capital Retail Bank," a nonexistent entity, by using a "business, company, or organization name other than the true name of the debt collector's business, company, or organization."

26.    All the misrepresentations, deceptions, and unconscionable and unfair means employed by Portfolio and Forster & Garbus were material and likely to mislead the least sophisticated debtor.

27.    As a result of the above violations of the FDCPA, Portfolio and Forster & Garbus are liable to Lang for her actual damages consisting of the cost of attorney fees and court costs in defending the collection lawsuit in the amount of $500.00, statutory damages, and costs and attorney fees for prosecuting this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual damages in the amount of $500.00.

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.  For such other and further relief as may be just and proper.

### *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 19, 2016

Respectfully submitted,

s/David M. Kaplan
David M. Kaplan
Attorney for Plaintiff
2129 Five Mile Line Road
Penfield, NY 14526
585-330-2222
dmkaplan@rochester.rr.com